May 16, 1910.

No. 5042.

(Court of Appeal, Parish of Orleans.)

## JOHN E. FLEURY vs. KENNER CANNING AND PACKING COMPANY, LIMITED.

Pierson, Walton & Pierson for plaintiff and appellant.

Jno. E. Fleury, A. E. Billings for defendant and appellee.

DUFOUR, J.—The plaintiff, a judgment creditor of defendant, issued execution on November 20, 1909, caused certain real estate to be seized and advertised for sale on January 15, 1910, and, on that day, the property was adjudicated to John B. Patorno, a creditor of defendant. In the interval, the commercial firm of which Patorno was a member, alleging that the judgment was an unlawful preference under the bankrupt law, filed proceedings in the Federal Court as a creditor of the defendant, which culminated in its being adjudged a bankrupt on February 4, 1910.

On January 14, 1910, the United States District Court authorized Loisel, the marshal, as receiver of the bankrupt "to intervene in a suit pending or hereafter to be brought for the purpose of claiming said property or its proceeds."

On the same day the receiver filed an intervention in the instant case asking to be recognized as custodian of the bankrupt's assets and that the proceeds of the sale be transferred to him as receiver, and, on January 20th, he further took a rule on the sheriff, the purchaser and the seizing creditor to show cause why the proceeds of sale should not be delivered to him.

About the same time, Fleury took a rule against Patorno, the purchaser, to comply with the adjudication and pay the price to the sheriff. The respondent answered that, under the order of the United States District Court, the price should be paid to the marshal.

The lower Court held that the demand of the receiver was premature and ordered the price of adjudication to be paid to the sheriff and, from this judgment the marshal and Patorno have both appealed.

The ruling is correct.

The sheriff could not confirm the adjudication by passing the act of sale unless and until he had received the

proceeds, and he is the officer designated by law to perform both functions.

The receiver in bankruptcy has no greater right than any other litigant when he comes into a State court to assert his claim. He may not arrogate to himself the privilege of performing a function imposed by the State on the sheriff, that of receiving directly from the adjudicatee the proceeds of a sale made by the sheriff pursuant to law.

The property, after the sale, is no longer that of the bankrupt and the proceeds do not arise until payment to the sheriff upon execution of the act of sale.

The receivership will be amply protected by arresting the fund in the sheriff's hands in the manner indicated by the Code of Practice, and this is evidently in the mind of the Federal Judge when he issues his order.

Judgment affirmed.